IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LIONEL O. ROBERTS and § | |
| NAOMI ROBERTS, § | |
|     Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-05-4171 |
| § | |
| ROBERT Z. ROBERTS and LEE'S § | |
| SCREEN PROCESS SUPPLY, CO., § | |
|     Defendants. § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs Lionel O. Roberts and Naomi Roberts's Motion to Dismiss or Alternatively Motion to Remand [Doc. # 3], to which Defendants Robert Z. Roberts and Lee's Screen Process Supply Co. ("Lee's Screen") filed a Response [Doc. # 5], and Plaintiffs filed a Reply [Doc. # 6]. The Court has carefully reviewed the full record in this case and in the underlying ERISA case. Based on this review and the application of governing legal authorities, the Court concludes that it lacks subject matter jurisdiction. Consequently, the case will be remanded to state court.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Pamela Roberts Fournet filed an ERISA lawsuit in Texas state court against Lee's Screen and Robert Roberts. Defendants removed the case to federal court and,

following removal, the case was assigned to the Honorable Keith Ellison.  *See* Civil Action No. H-05-0633 (the "ERISA Lawsuit").  Lionel Roberts and Naomi Roberts intervened as plaintiffs.

Judge Ellison referred the ERISA Lawsuit to mediation.  On August 29, 2005, having been advised that the "parties to this lawsuit have reached a settlement," Judge Ellison dismissed the ERISA Lawsuit without prejudice to its being reinstated within sixty days.  *See* Conditional Order of Dismissal, Doc. # 11 in ERISA Lawsuit.

On November 29, 2005, more than sixty days after entry of the Conditional Order of Dismissal, Defendants in the ERISA Lawsuit represented to Judge Ellison that the parties had been unable to complete documentation of their settlement and asked Judge Ellison to reinstate the ERISA Lawsuit.  *See* Defendants' Motion to Reinstate, Doc. # 12 in ERISA Lawsuit.  On January 3, 2006, Judge Ellison denied the Motion to Reinstate as untimely.  *See* Memorandum and Order, Doc. # 15 in ERISA Lawsuit. On February 16, 2006, Judge Ellison entered Final Judgment for Defendants in the ERISA Lawsuit.  *See* Final Judgment, Doc. # 17 in ERISA Lawsuit.[1]

Meanwhile, the Intervenor Plaintiffs in the ERISA Lawsuit, Plaintiffs in this case, filed a lawsuit in Texas state court for breach of the settlement agreement.

---

[1] Plaintiff and Intervenor Plaintiffs in the ERISA Lawsuit have filed a Motion to Vacate [or Amend] the February 6, 2006 Final Judgment.  *See* Doc. # 18 in ERISA Lawsuit.  That motion remains pending before Judge Ellison.

Defendants removed the case to federal court, asserting ERISA jurisdiction. Plaintiffs in this case have moved to dismiss or remand this case for lack of subject matter jurisdiction, and the motion is now ripe for decision.

## II.   ANALYSIS

The jurisdiction of federal courts is limited to the power authorized by the Constitution and statutes of the United States. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The burden of establishing the existence of federal subject matter jurisdiction "rests upon the party asserting jurisdiction." *Id.*

Defendants argue that the Court has ERISA jurisdiction because Plaintiffs are seeking in this lawsuit to obtain payments under a defined benefit pension plan. *See* Defendants' Response, p. 4. This characterization is unsupported by the pleadings. Plaintiffs in this case are seeking enforcement of or damages resulting from the breach of a settlement agreement. Although the alleged settlement agreement resolved an ERISA case and part of the consideration for the alleged settlement agreement was dismissal of the ERISA case over which federal jurisdiction existed, the Court lacks subject matter jurisdiction over this breach of contract suit. *See Kokkonen*, 511 U.S. at 381; *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 433-34 (5th Cir. 2002); *Lee v. Runyon*, 18 F. Supp. 2d 649, 653 (E.D. Tex. 1998) ("Absent an express intention by

the federal court to retain jurisdiction over an action dismissed pursuant to settlement, jurisdiction [over the breach of contract case] does not lie in federal court.").

"The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement into the order." *Kokkonen*, 511 U.S. at 381. Referencing an agreed motion to dismiss, which incorporated the settlement agreement, is inadequate. *See Hospitality House*, 298 F.3d at 433.

In the ERISA Lawsuit, Judge Ellison simply dismissed the case after being notified of the fact of, but not the terms of, the parties' settlement. *See* Conditional Order of Dismissal, Doc. # 11 in ERISA Lawsuit. He did not expressly retain jurisdiction over the case to enforce the settlement agreement, and he did not incorporate the terms of the settlement into his dismissal order or final judgment. Because the parties' obligations under the settlement agreement were not made part of the dismissal order, federal subject matter does not exist over Plaintiffs' lawsuit for breach of contract. *See Hospitality House*, 298 F.3d at 430 (citing *Kokkonen*, 511 U.S. at 380-81). Absent subject matter jurisdiction, the case will be remanded to state court.

### III. <u>CONCLUSION AND ORDER</u>

The underlying ERISA case was dismissed by Judge Ellison without retaining jurisdiction either expressly or by incorporating the terms of the settlement agreement into the dismissal order.  As a result, the Court lacks subject matter jurisdiction over this lawsuit for breach of the settlement agreement, and it is hereby

**ORDERED** that Plaintiffs' Motion to Dismiss or Remand [Doc. # 3] is **GRANTED** to the extent that this case is **REMANDED** for lack of subject matter jurisdiction to the 280th Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas, this **9th** day of **March, 2006.**

_____
Nancy F. Atlas
United States District Judge